UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RICHARD G. WILSON                                                                       PLAINTIFF

V.                                      CIVIL ACTION NO. 3:08CV737 DPJ-JCS

ILLINOIS CENTRAL RAILROAD COMPANY                          DEFENDANT

ORDER

This matter is before the Court on [2] Defendant Illinois Central Railroad Company's ("Illinois Central") motion to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff Richard G. Wilson, who is proceeding *pro se*, filed a motion to deny Defendant's motion to dismiss and requested that the Court remand the action to state court. The Court, having considered the parties' submissions and applicable law, concludes that Defendant's motion should be denied. Plaintiff's motion to remand is also denied.

I.     **Facts and Procedural History**

Plaintiff filed this action against Illinois Central in the Circuit Court of Pike County, Mississippi. According to the Complaint, Wilson owned property in McComb which contained a railroad spur and switch "which was served by the old storage track on the South Side of the South Yard" from which he shipped pulpwood for many years. Complaint ¶ 4. After Illinois Central decided to retire the old storage track, "a run-away cut of freight cars collided through Plaintiff's tract [sic] and destroyed Plaintiff's switch." Complaint ¶ 5. Wilson claims Illinois Railroad then removed the damaged switch. *Id.* Through this action, Wilson asks the Court to order Defendant to replace the switch and restore service to his property, so he can "lease and/or sell this property to be used for the shipping business." Complaint at 3.

Two letters are attached to Plaintiff's Complaint. The first, dated February 2, 1998, is to John H. Ott, Plaintiff's attorney, from T.J. Goodwine, General Manager of Illinois Central. Goodwine states: "When the owner of the land (currently Mr. Wilson) can assure the Illinois Central Railroad of available business opportunities, the railroad will be glad to repair or replace the switch to that business opportunity." The second letter, from Plaintiff to Louie Smith, Manager-Real Estate and Business for Illinois Central, is dated June 15, 2006. Plaintiff requested that Defendant re-establish service "as promised by General Manager Goodwine back when this disruption occurred" and informed Smith that he had an interested buyer for the property. In his Complaint, Plaintiff maintains that "Defendant should be ordered to honor the promise made in good faith by their legal representative, Mr. T.J. [Goodwine.]"

Defendant removed the case to this Court on December 2, 2008 based on 28 U.S.C. § 1332 (diversity of citizenship) and 28 U.S.C. § 1331 (federal question) and shortly thereafter moved to dismiss Plaintiff's claims. Defendant contends that the Federal Surface Transportation Board has original jurisdiction over this action. Plaintiff then filed a motion to deny Defendant's motion to dismiss, which the Court will consider as his response. In that filing, Plaintiff asks the Court to remand the case to state court.

**II.    Analysis**

A.    <u>Motion to Dismiss Standard</u>

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead

2

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (quotation marks, citations, and footnote omitted). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (internal quotations and citation omitted).

  B.  Defendant's Motion to Dismiss

Defendant argues that Plaintiff's claims for relief are expressly preempted by the ICCTA. Express preemption arises "where the intent of Congress to preempt state law is clear and explicit." *Friberg v. Kansas City S. Ry. Co.*, 267 F.3d 439, 442 (5th Cir. 2001). 49 U.S.C. § 10501 (b) grants the Surface Transportation Board ("STB") exclusive jurisdiction over:

> 1) transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practice routes, services, and facilities of such carriers; and
>
> 2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State.

Congress specifically provided that "the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law." *Id.* The preemption provision is extremely broad and grants the STB *exclusive* jurisdiction concerning the "construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities." 49 U.S.C.A. § 10501(b); *see*

3

*Friberg*, 267 F.3d at 443 ("The language of the statute could not be more precise, and it is beyond peradventure that regulation of [defendant's] train operations, as well as the construction and operation of the [defendant's] side tracks, is under the exclusive jurisdiction of the STB.").

Under other provisions of the Act, however, district courts share concurrent jurisdiction with the STB. *See Pejepscot Ind. Park, Inc. v. Maine Central Railroad Co.*, 215 F.3d 195 (1st Cir. 2000). Section 11101(a) provides that a "rail carrier providing transportation or service subject to the jurisdiction of the [STB] under this part shall provide the transportation or service on reasonable request." In *Pejepscot*, the First Circuit concluded that 49 U.S.C. § 11704(c)[1] permits a party to file a civil action in district court against a carrier for violations of § 11101. *Id.* at 205. Relying on the ICCTA's "legislative history and the evidence of practice under its predecessor," the court determined that concurrent jurisdiction best reflected Congress's intent. *Id.* at 204-05. The court instructed the district court to stay the action and refer it to the STB under the doctrine of primary jurisdiction. *Id.* at 205.[2]

The question therefore turns on whether Plaintiff is pursuing a claim under § 11101. "'[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200

---

[1] 49 U.S.C. § 11704(c) provides that a "person may file a complaint with the [STB] . . . or bring a civil action under susbsection (b) of his section to enforce liability against a rail carrier."

[2] This Court previously addressed *Pejepscot* in *Rushing v. Kansas City Southern Railway Co.*, 194 F. Supp. 2d 493 (S.D. Miss. 2001). In *Rushing*, the plaintiff's claims against the defendant railroad were based in Mississippi nuisance and negligence law. Because the plaintiff did not allege any claims for relief under the ICCTA, Judge Barbour determined that *Pejepscot* was not applicable. *Id.* at 500. Here, Plaintiff seeks the restoration of service based on Defendant's alleged violation of the ICCTA. *Rushing* is therefore distinguishable from the present matter.

(2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Accordingly, pro se pleadings are construed liberally. *See Pena v. United States*, 122 F.3d 3, 4 (5th Cir. 1997). Here, the Complaint alleges that Defendant denied Plaintiff's requests to restore service to his property. Plaintiff now seeks an order compelling Defendant to "replace the switch and restore service to his property." Complaint ¶ 3. The Court finds that the Complaint invokes §11101 by seeking the restoration of service subsequent to Defendant's denial of Plaintiff's previous requests.[3] Accordingly, Plaintiff has stated a plausible claim for relief. *See Twombly*, 550 U.S. at 570. Defendant's motion to dismiss is denied.[4]

> B. <u>Plaintiff's Motion to Deny/Motion to Remand</u>

In his Motion to Deny Defendant's Motion to Dismiss, Plaintiff implores the Court to remand the action to state court. Plaintiff contends that the restoration of the switch is a civil matter separate from the issue of restoring service to his spur that should be determined by a jury of his peers. Although the Court affords wide latitude to parties proceeding *pro se*, Plaintiff has provided no authority for remanding the action to state court. Accordingly, the Court denies Plaintiff's request to remand the action to state court.

---

[3] The Court likely does not have concurrent jurisdiction over Plaintiff's request to repair the switch on his track, as 49 U.S.C. § 11103 explains that owners with such a claim "may file a complaint with the [Surface Transportation] Board under section 11701." However, the STB may consider the claim upon referral.

[4] In its supplemental brief, Defendant relies heavily on *Franks Investment Co. v. Union Pacific Ralroad Co.*, 534 F.3d 443 (5th Cir. 2008). Similar to *Rushing*, however, the plaintiff sought injunctive relief under state law. The Fifth Circuit did not address the issue presented in *Pejepscot*.

**III.    Conclusion**

Based on the foregoing reasons, the Court finds that Defendants Motion to Dismiss should be denied.  Plaintiff's motion to remand is denied.  This case is hereby referred to the Surface Transportation Board for adjudication.  The action will be stayed pending the STB's decision.

**SO ORDERED AND ADJUDGED** this the 7th day of August, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE